UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:12-CR-127-TAV-HBG |
| | ) | |
| CEYLON DEWAYNE MASON, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court for consideration of the defendant's Motion to Modify or to Set Aside the Plea Agreement or to Reserve a Certified Question of Law [Doc. 28]. The defendant moves the Court, pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure, to set aside this plea agreement or otherwise modify the plea agreement to dismiss Count Five of the indictment or reserve a question of law regarding the constitutionality of a search. In support of the motion, defendant argues that he has concerns relating to his plea agreement and also contends that he was not fully advised by his prior counsel. The government submitted a response [Doc. 33], opposing the motion and requesting that the motion be denied.

## I.    **Background**

On September 18, 2012, a grand jury returned a seven count indictment against the defendant on charges including possessing with the intent to distribute narcotics, possessing firearms in furtherance of drug trafficking crimes, and being a previously

convicted felon in possession of firearms and ammunition [Doc. 1]. The defendant was initially represented in this matter by Mr. Bobby Hutson. On November 30, 2012, the defendant signed a plea agreement [Doc. 16] in which he agreed to plead guilty to Count Four of the indictment, charging him with possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), as well as Count Five of the indictment, charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [*Id.* ¶ 1]. Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the government agreed to dismiss the remaining counts against the defendant at the time of sentencing [*Id.* at ¶ 2]. In addition, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the government agreed that a sentence of one hundred and twenty months' imprisonment, to be followed by five years of supervised release, was an appropriate disposition to the case [*Id.* ¶ 7]. The defendant appeared before the undersigned on December 10, 2012 to officially change his plea of not guilty to a plea of guilty [Doc. 17]. The defendant's sentencing was set for April 10, 2013.

After the defendant's sentencing was moved from April 10, 2013 to May 14, 2013, Mr. Hutson filed a sentencing memorandum and letters in support on behalf of the defendant on April 25, 2013 [Doc. 19]. Following the rescheduling of defendant's sentencing date to May 29, 2013, the defendant filed a motion to substitute attorneys on May 24, 2013. Magistrate Judge Bruce Guyton granted this motion on June 7, 2013, appointing Mr. Timothy Gudmundson to be substituted as attorney of record [Docs. 23,

24].   The defendant's sentencing hearing was subsequently reset for August 8, 2013.

During the August 8, 2013 sentencing, Mr. Gudmundson moved for a continuance to

permit the filing of an objection to the PSR, which the Court granted [Docs. 26, 31].[1]

Prior to the hearing set for February 11, 2014, the defendant filed the present motion on

February 6, 2014 [Doc. 28].

In the motion, defendant submits that between the filing of the sentencing

memorandum by his former attorney and May 2013, the defendant discovered "concerns"

related to his plea agreement [Doc. 28 ¶ 14], and argues that he was not fully advised by

his prior counsel regarding possible defenses related to the weapons charges.   The

defendant argues that had he been advised, he would not have entered into his plea

agreement.   Thus, the defendant requests that the Court set aside the plea agreement,

modify the plea agreement to dismiss Count Five of the indictment, or permit the

defendant to reserve a certified question of law regarding the constitutionality of the

search and seizure of the firearms at issue.

In response, the government argues that the defendant has not met his burden of

showing that the plea agreement should be set aside, particularly given that over one year

has elapsed between the defendant's guilty plea and motion to withdraw.   The

government submits that defendant has never asserted his innocence, and that none of the

---

[1] The defendant subsequently filed a Notice of Objections [Doc. 27] objecting to some of
the language used to characterize one of the defendant's previous convictions in Paragraph 32 of
the Presentence Investigation Report ("PSR").

circumstances surrounding his plea agreement or the entry of his guilty plea signify anything unusual so as to warrant the withdrawal of his plea.

## II.  Analysis

### A.  Standard for Withdrawal of Guilty Plea under Federal Rule of Criminal Procedure 11(d)(2)(B)[2]

"A defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citations omitted).  Federal Rule of Criminal Procedure 11(d) provides the standard for withdrawal of a guilty plea:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1)  before the court accepts the plea, for any reason or no reason; or
>
> (2)  after the court accepts the plea, but before it imposes sentence if:
>
> > (A)  the court rejects a plea agreement under Rule 11(c)(5); or
> >
> > (B)  the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

In this case, the Court has already accepted the defendant's guilty plea. Accordingly, the defendant must show a "fair and just reason" to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B).  Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and

---

[2] Although defendant requests that the Court modify his plea agreement, Rule 11(c)(1) of the Federal Rules of Criminal Procedure notes that a court "must not participate in [plea agreement] discussions."  The defendant cites to no cases for the idea that a court may unilaterally modify a plea agreement, and the Court will decline to do so.  Accordingly, the Court construes this motion solely as a motion to set aside the plea agreement.

4

then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert. denied*, 502 U.S. 1117 (1992) (citation omitted); *see also* Fed. R. Crim. P. 11(d).

Thus, the defendant carries the burden of proving that withdrawal of his guilty plea is justified, and the matter is left to the discretion of the Court. *Alexander*, 948 F.2d at 1003 (citation omitted). In *United States v. Bashara*, the Sixth Circuit gave a non-exclusive list of factors which should guide a district court in determining whether to allow a defendant to withdraw his guilty plea:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;

(2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceeding;

(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

(6) the degree to which the defendant has prior criminal experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

27 F.3d 1174, 1181 (6th Cir. 1994), *cert. denied*, 514 U.S. 1033 (1995), *superseded by statute on other grounds*, U.S.S.G. § 3B1.1; *see also Ellis*, 470 F.3d at 281 (citing and applying the *Bashara* factors); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (applying the factors discussed in *Bashara*).

The factors listed in *Bashara* are a general, non-exclusive list and no one factor is controlling. *See United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The first six factors are used to determine whether a defendant has presented a fair and just reason for withdrawal of the plea and a court will balance any fair and just reason with the last factor—any prejudice to the government. *Alexander*, 948 F.2d at 1004. Prejudice to the government, however, need not be addressed until the defendant establishes a fair and just reason for vacating his guilty plea. *See United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)) ("[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal."). Although the *Bashara, Alexander*, and *Spencer* courts were operating under the then controlling Federal Rule of Criminal Procedure 32(e),[3] the same factors and rationale are still applicable to the analysis of withdrawing a guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *See, e.g.*, *Ellis*, 470 F.3d 275, 281; *Valdez*, 362 F.3d at 912.

**B.** **Application of the *Bashara* Factors**

       **1.** **Amount of Time Elapsed and Valid Reason for Failing to Move to Withdraw Earlier**

---

[3] The rule for withdrawal of a guilty plea was formerly codified as Federal Rule of Criminal Procedure 32(e), which provided that a district court could permit a defendant to withdraw a guilty plea before sentencing if the defendant showed "any fair and just reason." *See* Fed. R. Crim. P. 32(e) (West 2001). This rule applied regardless of whether the court had accepted the guilty plea. *United States v. Mader*, 251 F.3d 1099, 1104 (6th Cir. 2001), *cert. denied*, 535 U.S. 1058 (2002).

6

The defendant pleaded guilty on December 10, 2013, and filed the present motion to withdraw on February 6, 2014, 423 days after the entry of his plea of guilty. The Court notes that, as the government argues, the Sixth Circuit has routinely upheld denials of motions to withdraw in cases with shorter periods of time elapsing. *See United States v. Taylor*, No. 08-1794, 2009 WL 1884464 (6th Cir. July 1, 2009) (upholding denial of a defendant's motion to withdraw plea when six months had elapsed between the guilty plea and the motion); *United States v. Valdez*, 362 F.3d 903, 912-13 (6th Cir. 2004) (holding that a seventy-five day delay justified the denial of the defendant's motion to withdraw his plea); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (noting that "strongest factor" supporting district court's denial of motion to withdraw was seventy-seven day time period between guilty plea and filing of motion). Based on this precedent, the Court concludes that this factor does not weigh in favor of granting the motion.

Similarly, the defendant has not attempted to provide a valid reason for why there was such a delay in filing the motion to withdraw his plea, but only indicates that he discovered some concerns about his case in May 2013. As previously discussed, defendant's former counsel filed a sentencing memorandum on the defendant's behalf in April 2013. In May 2013, the defendant received new counsel, and submitted no new filings prior to the oral motion to continue made at the August 8, 2013 hearing. During this hearing, the Court gave the defendant the opportunity to give an allocution to the Court as to why a continuance was necessary, and when asked by the Court if he wanted

7

to withdraw his plea and go to trial on the counts in the indictment, the defendant responded "I'm not saying that, your Honor" [Doc. 31 at 8-9].  While speaking with the defendant the Court reiterated that a motion to withdraw the plea had not yet been filed, and informed the defendant of the potential consequences of filing a successful motion to withdraw, *i.e.* that the case could proceed to trial as to all counts [*Id.* at 13].  During this hearing neither the defendant nor the defendant's counsel moved to withdraw his plea.  In addition, when the defendant later filed an objection to the PSR on August 25, 2013, the defendant did not move to withdraw his plea.  Given that the defendant has not cited any reason as to why he did not move to withdraw his plea agreement at an earlier stage of this case, despite having several opportunities to do so, the Court finds that this factor also weighs against permitting the defendant to withdraw his plea.

### 2.    Whether Defendant Has Maintained His Innocence and Circumstances Surrounding the Guilty Plea

With regard to the third and fourth factors, the Court notes that during the defendant's change of plea hearing on December 10, 2012, the Court asked the defendant a series of questions regarding the charges against him and his understanding of the consequences of pleading guilty, in accordance with Rule 11(b) of the Federal Rules of Criminal Procedure.  Specifically, the Court asked the defendant whether he had ample opportunity to discuss the charges against him with his lawyer, whether his lawyer had informed both as to the nature, meaning, and elements of the offenses charged, and whether his lawyer had explained the terms of the defendant's plea agreement with him, to all of which the defendant responded, "[y]es, sir" [Doc. 34 at 6-7].  The Court also

8

reviewed the terms of the defendant's plea agreement with him, asking him if he understood the nature of the Rule 11(c)(1)(A) and 11(c)(1)(C) provisions set forth in the plea agreement, respectively, to which the defendant responded "yes, sir" and 'correct' [*Id.*].  After the government summarized the factual basis for the plea agreement, the defendant indicated his agreement with the government's summary of the facts and similarly indicated that he understood the elements of both offenses before pleading guilty to Counts Four and Five of the indictment [*Id.* at 14-15].  In response to the Court asking the defendant if he was pleading guilty because he was, in fact, guilty, the defendant answered, "[y]es, sir" [*Id.* at 15].  Given the defendant's admission that he engaged in the conduct set forth in the plea agreement, and in light of his responses to the Court's questioning, the Court finds that the defendant did not assert or maintain his innocence during the change of plea hearing. *See, e.g. United States v. Lineback*, 330 F.3d 441, 444 (6th Cir. 2003) (finding no error where district court concluded that defendant had not maintained innocence when he admitted to engaging in conduct during plea hearing).  Nor does the Court find anything regarding the circumstances of the guilty plea to be such as to weigh in favor of withdrawal.[4]

The Court's conclusion in this regard is also supported by the fact that the defendant has not asserted his innocence at any time since changing his plea, nor in the

---

[4] Although the government argues that the Court should find that defendant has waived his attorney-client privilege to the extent necessary to question whether he was informed of his defenses, the Court finds that it need not address this argument, in light of the defendant's sworn statements at his change of plea hearing and given that the defendant has not otherwise asserted his innocence in this case.

motion to withdraw his plea itself.  During the August 8, 2013 hearing, as previously discussed, the defendant did not assert his innocence to any of the charges contained in the indictment, but rather indicated that he did not feel as though he had enough time and interaction with his previous attorney.  Similarly, in a letter received by the Court prior to the August hearing, the defendant argued that there were problems with communicating with his former attorney and that he thought a suppression motion should have been filed [Doc. 25].  The defendant does not assert his innocence in the letter. In the present motion, the defendant again argues that he was not "fully advised by his prior counsel regarding possible defenses related to suppression and to the weapons charges" [Doc. 28 ¶ 14].  The Court notes that this argument contradicts the defendant's sworn statements during his change of plea hearing, and, in addition, finds that the defendant's claim that a motion to suppress should have been filed is insufficient so as to support a plea withdrawal.  *See United States v. Hughes*, 392 F. App'x 382, 386 (6th Cir. 2010) (noting that Sixth Circuit had not found post-plea expression of desire to pursue a motion to suppress itself sufficient to establish fair and just reason for withdrawal); *United States v. Sanders*, 125 F. App'x 685, 687 (6th Cir. 2005) (finding that argument that a motion to suppress should have been filed did not support motion to withdraw guilty plea).  Thus, the Court finds that consideration of the third and fourth *Bashara* factors does not weigh in favor of permitting the defendant to withdraw his guilty plea.

10

### 3. Defendant's Nature/Background and Experience with the Criminal Justice System

The Court next turns to the defendant's nature and background and, similarly, the degree to which the defendant has prior experience with the criminal justice system. As noted in the most recent version of the PSR, the defendant is approximately thirty-four years of age and has obtained his General Educational Development certificate [PSR at 3], and, as also confirmed by the defendant at his plea hearing, the defendant has no difficulty reading or writing [Doc. 34 at 5]. During the plea hearing, the defendant noted his understanding of what was happening, and his former attorney affirmed that the defendant understood the purpose of the hearing. The Court finds that the defendant's history and characteristics do not favor permitting the plea withdrawal.

The Court similarly concludes that defendant's past interactions with the criminal justice system do not weigh in favor of permitting the defendant to withdraw his guilty plea. Although the defendant is in a Criminal History Category I, the Court notes that the defendant has six criminal adult convictions, several of which involved the defendant entering into a guilty plea [PSR ¶¶ 32-37]. In addition, the defendant has several pending charges pertaining to drug trafficking and other crimes in both Georgia and Tennessee state courts [*See id.* ¶¶ 39-43]. Given this background, the defendant's criminal history and degree of familiarity with the criminal justice system does not support a plea withdrawal.

11

III.     **Conclusion**

For the reasons previously discussed, and after consideration of the *Bashara* factors, the Court concludes that the defendant has not demonstrated a fair and just reason for vacating his plea under Rule 11(d).[5]  Accordingly, the defendant's Motion to Modify or to Set Aside the Plea Agreement or to Reserve a Certified Question of Law [Doc. 28] is hereby **DENIED**.

IT IS SO ORDERED.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Because the defendant has not presented a fair and just reason for permitting him to withdraw his plea, the Court need not address the seventh *Bashara* factor, prejudice to the government.  *See Goddard*, 638 F.3d at 495 (finding that, because defendant had not established a fair and just reason to permit withdrawal, whether government would have been prejudiced was immaterial).