UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| CEYLON DEWAYNE MASON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:12-CR-137-TAV-HBG-1 |
| | ) | | 3:16-CV-420-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 65]. He bases his request for collateral relief on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition [Doc. 68]. Petitioner did not reply and the time for him to do so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, the petition for collateral relief [Doc. 65] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

When executing a search warrant at Petitioner's residence in April of 2012, law enforcement officers discovered seven loaded firearms, marijuana, and twenty-three grams of crack cocaine packaged for distribution [Doc. 16 ¶ 5]. Shortly thereafter, Petitioner pled guilty to, and was subsequently convicted of, possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Docs. 16, 17, 45]. The United States Probation Office calculated Petitioner's Guideline range as between 106 to 117 months'

imprisonment [Presentence Investigation Report ("PSR") ¶¶ 54–55], but this Court instead imposed an aggregate term of 120 months' imprisonment followed by five years' supervised release in accordance with Petitioner's Rule 11(c)(1)(C) plea agreement [Doc. 45; Doc. 16 ¶ 2 (agreeing to dismiss the remaining charges); PSR ¶ 56 (deeming 120-month term fair in light of the corresponding dismissal of Petitioner's second § 924(c) offense, which would have carried a statutorily-mandated consecutive term of twenty-five years' imprisonment)]. No direct appeal was taken and, on June 30, 2016, Petitioner filed the instant petition for relief [Doc. 65].

## II.    STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III.   ANALYSIS

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A), the argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States

2

Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[1] *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit").

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under § 924(c)(1)(A) did not rely on that provision. To the contrary, Petitioner was convicted of possessing a firearm in furtherance of a drug trafficking

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

crime, not crime of violence [Docs. 19, 35]. The statute defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., [or] the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq." 18 U.S.C. § 924(c)(2). *Johnson* has no bearing whatsoever on the scope of that definition. *Accord United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* irrelevant to drug offenses). As such, Petitioner has failed identify a viable basis for vacating his § 924(c) conviction.

Petitioner's argument that he no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same fails because his PSR conclusively demonstrates that he was never subjected to any of these provisions [PSR ¶¶ 54–56; Docs. 16, 17, 15].

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 65] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE