UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:12-CR-127-TAV-HBG-1 |
| CEYLON DEWAYNE MASON, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's renewed motion for a sentence reduction [Doc. 73]. The Federal Defender Service has filed a supplemental motion on defendant's behalf [Doc. 77]. These motions request that the Court resentence defendant in accordance with 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 76], and concedes that defendant is eligible for a sentence reduction under *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018), but opposes any such reduction.

## I. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term

> of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application

decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II.  Factual Background

Defendant was pleaded guilty to: possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) [Doc. 16]. Defendant was deemed responsible for 125 grams of marijuana and 23 grams of cocaine base, for a combined marijuana equivalent of 82.258 kilograms and a base offense level of 24 [PSR ¶ 19]. After a two-level enhancement for maintaining drug premises and a three-level reduction for acceptance of responsibility, the total offense level was 23 [PSR ¶¶ 20, 26–28]. Defendant's criminal history category of I resulted in a guidelines range for the drug offense of 46 to 57 months' imprisonment; the firearms offense required an additional 60-month sentence [PSR ¶¶ 37, 54-55]. However, the Court sentenced defendant to the above-

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

3

guidelines term of 120 months' imprisonment, in accordance with the Rule 11(c)(1)(C) agreement negotiated by the parties [Doc. 45].[2] According to the Bureau of Prisons, defendant is presently scheduled for release on May 16, 2023.

Defendant has already petitioned this Court for relief based on Amendment 782. This Court denied relief, consistent with *Freeman v. United States*, 131 S. Ct. 2685 (2011), and controlling circuit precedent. The Court held that although Amendment 782 lowered the applicable guidelines range, defendant's Rule 11(c)(1)(C) plea agreement did not explicitly link the agreed-upon sentence to any guidelines range, such that defendant's sentence was not "based upon" a guidelines range subsequently lowered by the Sentencing Commission [Doc. 56].

**III. Analysis**

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

---

[2] The agreement also provided that the United States would dismiss the other charges against defendant—including a second § 924(c) violation, which would have subjected defendant to a consecutive 25-year sentence.

As an initial matter, defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," within the meaning of 18 U.S.C. § 3582(c)(2). Defendant's sentence was based on a Rule 11(c)(1)(C) plea agreement, in which the parties "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply."[3] In *Hughes v. United States*, 138 S. Ct. 1765 (2018), the Supreme Court "resolved the uncertainty that resulted from [the] Court's divided decision in *Freeman*, [564 U.S. 522 (2011)]," and held that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.* at 1775. A defendant is eligible for a sentence reduction unless there is a "clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.* at 1776. Because that is not the case here, as the government commendably concedes [Doc. 76], defendant is eligible for relief under § 3582(c)(2).

Under Amendment 782, defendant's drug quantity now yields a base offense level of 22, a total offense level of 21, and a guidelines range of 37 to 46 months' imprisonment for the drug offense, followed by the statutorily mandated consecutive 60 months for the

---

[3] Because "[s]uch a recommendation or request binds the court once the court accepts the plea agreement," Fed. R. Crim P. 11(c)(1)(C), the Court does not have discretion to depart or vary from the agreed-to disposition if the plea agreement is accepted.

§ 924(c) offense. Thus, defendant is eligible for a sentence reduction of as many as 23 months.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here, where defendant's sentence would be reduced in accordance with a policy change by the Sentencing Commission.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offenses and defendant's history and characteristics. Specifically, the Court notes that around 25 months of defendant's time in federal custody has been applied towards a state sentence, rather than run concurrently [Doc. 53].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or

other correctional treatment.[4]  Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims.  *See* 18 U.S.C. § 3553(a).  And the Court has considered the danger to the public as the result of any reduction in defendant's sentence, the seriousness of defendant's offenses, and the need to protect the public.  *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government informs the Court that, according to the Bureau of Prisons, defendant has incurred minor disciplinary sanctions on four separate occasions, including two within the past year.  Specifically, he was sanctioned for being insolent to staff in July 2018, refusing to obey an order in January 2018, being unsanitary or untidy in March 2015, and failing to stand count in March 2015.  However, defendant has expressed remorse for his conduct and points out that, despite these infractions, he is a low-security prisoner whose positive strides in prison outweigh these missteps [Doc. 78].

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence to be appropriate.  In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782.  The Court has also taken into consideration the risk defendant poses to public safety, the nature and circumstances of defendant's offense(s), defendant's personal characteristics, criminal history, and post-sentencing conduct.

---

[4] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation.  *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

## IV. Conclusion

For the reasons stated above, defendant's motion [Doc. 73] is **GRANTED** and defendant's sentence is **REDUCED** to **97 months' imprisonment**. If this sentence is less than the amount of time defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated August 11, 2014 [Doc. 45], shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE