UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 3:12-CR-127-TAV-HBG
)
CEYLON DEWAYNE MASON, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion for compassionate release [Doc. 81]. The United States opposes the motion, arguing that defendant has not established that he exhausted his administrative remedies, as required by law [Doc. 82].

Before the Court can reach the merits of defendant's motion for compassionate release, it must first determine whether defendant has satisfied § 3582(c)(1)(A)'s mandatory exhaustion requirement. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this instance, the government points out that defendant has not provided evidence that he has exhausted his administrative remedies, and the government does not waive that requirement [Doc. 82]. In the motion, defense counsel explains that he tried to obtain a

copy of defendant's administrative request to the warden for compassionate release, but states that the Bureau of Prisons had ignored his repeated requests [Doc. 81]. While the Court is sympathetic to the difficulties defense counsel encountered, the Court cannot reach the merits of the motion without evidence that the mandatory exhaustion requirement has been met.

In addition, the Court notes that since filing the motion, defendant has been transferred to the supervision of the Raleigh Residential Reentry Management field office. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/ inmateloc/ (last visited Mar. 31, 2021). When prisoners are transferred to the Bureau of Prisons's Residential Reentry program, they are either placed in home confinement or in a halfway house or a similar facility, as opposed to the traditional prison setting defendant was in when he was housed at FCI Jessup when the motion was filed. *See* About Our Facilities, Federal Bureau of Prisons, https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last visited Mar. 31, 2021).

In light of the defendant's change in circumstances, as well as his failure to establish that he has exhausted his administrative remedies, defendant's motion will be **DENIED without prejudice**. If defendant believes he is still entitled to compassionate release, he may file a new motion for compassionate release (along with evidence of exhaustion of administrative remedies) which explains how defendant's current placement at Raleigh Residential Reentry Management rises to the level of the "extraordinary and compelling

2

reasons" required to obtain compassionate release. To the extent that defense counsel continues to experience difficulties in obtaining the necessary documentation from the Bureau of Prisons, counsel for the United States is **DIRECTED** to help facilitate defense counsel's efforts.

Accordingly, for the reasons set forth more fully above, defendant's motion [Doc. 81] is **DENIED without prejudice**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

Case 3:12-cr-00127-TAV-HBG   Document 87   Filed 04/02/21   Page 3 of 3   PageID #: 387